# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

FRANKIE WELCH,                          )
                                        )
     Petitioner,            )
                                        )
VS.                                     )          No. 14-1296-JDT-egb
                                        )
UNITED STATES OF AMERICA,               )
                                        )
     Respondent.            )

_____

## ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
## DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

_____

On October 27, 2014, Petitioner Frankie Welch, Bureau of Prisons register number

21402-076, an inmate at the Federal Correctional Institution Low in Butner, North Carolina

("FCI Butner Low"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. (ECF No. 1.) Petitioner paid the habeas filing fee on November 3, 2014. (ECF No.

4.) The Clerk shall record the Respondent as the Warden of FCI Butner Low.[1] For the

reasons stated below, the § 2241 petition is DENIED.

On October 16, 2006, a federal grand jury in this district returned a single-count

indictment charging that, on or about January 27, 2006, Welch possessed over fifty grams

---

[1] The petition names the Respondents as the United States of America and the Attorney General. (ECF No. 1 at 1.) The only proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is directed to delete the United States and the Attorney General as parties to this action.

of cocaine base (crack cocaine) with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  (*United States v. Welch,* No. 06-10076-JDT (W.D. Tenn.) (ECF No. 1).)  On October 11, 2007, Welch entered a plea of guilty.  (*Id.*, Min. Entry, ECF No. 35; *id.*, Guilty Plea Hr'g Tr., ECF No. 51.)  At a hearing on January 7, 2008, the Court sentenced Welch to a 292-month term of imprisonment, to be followed by a five-year period of supervised release.  (*Id.*, Min. Entry, ECF No. 42; *id.*, Sentencing Hr'g Tr., ECF No. 53.)  Judgment was entered on January 7, 2008.  (*Id.*, ECF No. 43.)  The United States Court of Appeals for the Sixth Circuit affirmed.  *United States v. Welch*, 324 F. App'x 448 (6th Cir. 2009).

On June 19, 2009, Welch filed a motion under 18 U.S.C. § 3582(c) in which he sought a reduction in his sentence pursuant to Amendments 706 and 709 to the U.S. Sentencing Guidelines.  (No. 06-10076-JDT, ECF No. 58.)  The Court denied the motion on July 6, 2009,  on the ground that both amendments were already in effect when he was sentenced.  (*Id.*, ECF No. 59.)

On July 8, 2011, and October 17, 2011, Welch filed additional motions under § 3582(c), seeking a reduction in his sentence as a result of the amendment of the Sentencing Guidelines after the enactment of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).  (*Id.*, ECF Nos. 63 & 66.)  The Court denied the motions on March 13, 2012.  (*Id.*, ECF No. 69.)  The Sixth Circuit Court of Appeals affirmed.  *United States v. Welch,* No. 12-5343 (6th Cir. Feb. 13, 2013).

On July 8, 2013, Welch filed yet another § 3582(c)(3) motion in which he continued to argue that he was entitled to a reduction of his sentence pursuant to the FSA.  (No. 06-

10076-JDT, ECF No. 73.) The Court denied the motion in an order issued on May 22, 2014. (*Id.*, ECF No. 77.)

On November 4, 2014, Welch filed a motion seeking a reduction in his sentence pursuant to Amendment 782 to the sentencing guidelines. (*Id.*, ECF No. 78.) That motion is pending.

On May 25, 2010, Welch filed a *pro se* motion pursuant to 28 U.S.C. § 2255, which was docketed as civil case number 10-1132-JDB-egb. *Welch v. United States,* No. 10-1132-JDB-egb (W.D. Tenn.). Welch alleged that his attorney had rendered ineffective assistance, in violation of the Sixth Amendment. (*Id.*, ECF No. 1.) Specifically, he complained that his attorney (i) "failed to object to the fact that the state laboratory test results did not show that petitioner possessed crack cocaine for the 100 to 1 ratio"; and (ii) failed to file a motion to dismiss the indictment because of a violation of the Speedy Trial Act. (*Id.* at PageID 4.) In an order issued on October 19, 2010, United States District Judge J. Daniel Breen denied the § 2255 motion (*id.*, ECF No. 2); judgment was entered on October 21, 2010 (*id.*, ECF No. 3). Welch filed an appeal (*id.*, ECF No. 4), but the Court of Appeals subsequently granted Welch's motion to voluntarily dismiss the appeal. *Welch v. United States,* No. 10-6342 (6th Cir. Nov. 17, 2010).

On November 10, 2010, Welch Filed a second § 2255 motion, accompanied by a motion seeking leave to withdraw his guilty plea. (*Welch v. United States,* No. 10-1293-JDT-egb (W.D. Tenn.) (ECF Nos. 1 & 2).) Welch claimed that (i) his guilty plea was involuntary because of a defective indictment; (ii) the allegedly warrantless search of his

home and subsequent seizure violated the Fourth Amendment;[2] iii) the Court had no jurisdiction to take an involuntary guilty plea; and (iv) the defective indictment and involuntary plea represented a miscarriage of justice. In an order issued on January 4, 2011, the Court transferred the motion to the Sixth Circuit pursuant to *In re Sims,* 111 F.3d 45 (6th Cir. 1997). (No. 10-1293-JDT-egb, ECF No. 3.) The Court of Appeals denied leave to file a second § 2255 motion. *In re Welch,* No. 11-5029 (6th Cir. Sept. 30, 2011).

On October 21, 2011, Welch filed a third § 2255 motion, which was docketed as civil case number 11-1324-JDT-egb. *Welch v. United States,* No. 11-1324-JDT-egb (W.D. Tenn.) He claimed that (i) his guilty plea was not intelligent and voluntary because the Court failed to comply with the procedures in Federal Rule of Criminal Procedure 11; (ii) the failure of the indictment to specify the drug quantity to be used at sentencing constituted a miscarriage of justice; (iii) his lawyer rendered ineffective assistance by failing to advise him of his rights and the drug quantity to be used at sentencing; and (iv) he is actually innocent of the thirty-nine kilograms of cocaine base attributed to him at sentencing. (*Id.*, ECF No. 1.) In an order issued on March 2, 2012, the Court administratively closed the case because the issues presented were raised in Welch's second § 2255 motion, which was still pending before the Court of Appeals. (*Id.*, ECF No. 3.)

On October 27, 2014, Welch filed the instant *pro se* § 2241 petition. (No. 14-1296-JDT-egb, ECF No. 1.) Welch seeks to challenge his sentence in light of *Persaud v. United*

---

[2] The PSR makes clear that the search of Welch's home was pursuant to a warrant. (PSR ¶ 3.)

*States,* 134 S. Ct. 1023 (2014) and *Alleyne v. United States,* 133 S. Ct. 2151 (2013), and on various other grounds.

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief

under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Court of Appeals has not permitted prisoners to use the savings clause to attack their sentences. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin*."); *Peterman*, 249 F.3d at 461-62 (challenges that a sentence is not supported by

adequate factual findings do not fall within the "savings clause"); *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies to his first claim because the Supreme Court narrowed the definition of what constitutes a violent felony for purposes of determining armed career criminal status in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). Under this new law, he argues, he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."), *cert. denied*, 133 S. Ct. 1632 (2013); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241."); *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) ("[T]he 'actual innocence' exception of the savings clause of § 2255 is actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor." (additional internal quotation marks omitted)); *Kellogg v. Snyder*, 48 F. App'x 114, 115-16 (6th Cir. 2002) (rejecting challenge to sentence as a career offender under § 2241 because prisoner did not show that § 2255 remedy was inadequate or ineffective).

Welch is not entitled to relief on his § 2241 petition for several reasons. First, the § 2241 petition was filed in the wrong judicial district. The proper venue for a § 2241 petition is the judicial district where the prisoner is confined or his custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); *see also United States v. Griffith*, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). Because Welch is currently confined in North Carolina, the Western District of Tennessee is not the proper venue for the § 2241 petition. Although the Court has the discretion to transfer this case to the district where it should have been brought, *see* 28 U.S.C. § 1406(a), the Court declines to do so because Welch plainly is not entitled to relief.

Welch is not entitled to relief in his § 2241 petition because the claims asserted challenge the imposition of his sentence. Welch has no argument that he is actually innocent of the offense of conviction. His various challenges to the sentence that was imposed do not come within the savings clause of 28 U.S.C. § 2255.[3]

---

[3] The Supreme Court did not issue a substantive decision in *Persaud v. United States*. In
(continued...)

Because Welch is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The § 2241 petition is DENIED.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

---

[3](...continued)
that case, the Supreme Court granted certiorari, vacated a decision by the Fourth Circuit Court of Appeals, and remanded for further consideration in light of the position asserted by the Solicitor General in his brief. 134 S. Ct. at 1023. Welch has not explained how *Persaud* is of assistance to him.

Welch's reliance on the Supreme Court's decision in *Alleyne v. United States* is also misplaced because that decision is not retroactively applicable to cases on collateral review. *See, e.g., In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) (denying leave to file a second or successive § 2255 motion "[b]ecause *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court"); *Rogers v. United States*, 561 F. App'x 440, 443-44 (6th Cir.) ("[T]he constitutional rules of criminal procedural [sic] adopted in *Alleyne* and *Peugh [v. United States*, 133 S. Ct. 2072 (2013),] are not available on collateral review of Rogers's sentence, because the judgment became final before the Court's decisions in *Alleyne* and *Peugh*."), *cert. denied,* 135 S. Ct. 500 (2014).

If Petitioner files a notice of appeal, he must either pay the entire $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner clearly is not entitled to relief, the Court finds that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE